E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOANNA M. CURTIS (Cal. Bar No. 203151)
Assistant United States Attorney
Chief, General Crimes Section
CHRISTOPHER C. KENDALL (Cal. Bar No. 274365)
Assistant United States Attorney
Deputy Chief, International Narcotics,
  Money Laundering, and Racketeering Section
KATHY YU (Cal. Bar No. 268210)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0298/2576/2431
     Facsimile: (213) 894-0141
     E-mail:   joanna.curtis@usdoj.gov
               christopher.kendall@usdoj.gov
               kathy.yu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-20-PA-4 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HAYLEE MARIE GRISHAM |
| v. | |
| HAYLEE MARIE GRISHAM, | |
| Defendant. | |

     1.   This constitutes the plea agreement between HAYLEE MARIE
GRISHAM ("defendant") and the United States Attorney's Office for the
Central District of California ("the USAO") in the above-captioned
case.  This agreement is limited to the USAO and cannot bind any
other federal, state, local, or foreign prosecuting, enforcement,
administrative, or regulatory authority.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the sole count of the indictment in <u>United States v. De La Rosa Rios, et al.</u>, CR No. 22-20-PA-4, which charges defendant with Violent Crime in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount ordered and reflected in the judgment, to be held until the date of sentencing and, thereafter, applied to satisfy

2

defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, 11th Floor, Los Angeles, California 90012.

i.   Ability to pay shall be assessed based on the Financial Disclosure Statement, referenced below, and all other relevant information relating to ability to pay.

j.   Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

k.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

l.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

m.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

3

1        b.   Abide by all agreements regarding sentencing contained

2   in this agreement.

3        c.   At the time of sentencing, provided that defendant

4   demonstrates an acceptance of responsibility for the offenses up to

5   and including the time of sentencing, recommend a two-level reduction

6   in the applicable Sentencing Guidelines offense level, pursuant to

7   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8   additional one-level reduction if available under that section.

9                            NATURE OF THE OFFENSE

10       4.   Defendant understands that for defendant to be guilty of

11  the crime charged in Count One, that is, Violent Crime in Aid of

12  Racketeering, in violation of Title 18, United States Code, Section

13  1959(a)(1), the following must be true:

14       1.   The enterprise alleged existed;

15       2.   The enterprise engaged in racketeering activity;

16       3.   The defendant committed the following crime of
              violence: felony murder;

17

18            a.   The defendant committed or attempted to commit,
                   or aided and abetted, or was a member of a
19                 conspiracy to commit robbery;

20            b.   The defendant intended to commit, intended to aid
                   and abet the perpetrator in committing, or
21                 intended that one or more of the members of the
                   conspiracy commit robbery;

22            c.   If the defendant did not personally commit or
                   attempt to commit robbery, then a perpetrator
23                 (whom the defendant was aiding and abetting or
                   with whom the defendant conspired), committed or
24                 attempted to commit robbery;

25            d.   While committing or attempting to commit robbery,
                   the perpetrator caused the death of another
26                 person;

27

28

                                    4

e. The defendant was a major participant in the robbery; and

f. When the defendant participated in the robbery, the defendant acted with reckless indifference to life.

4. Robbery includes the following elements:

a. A perpetrator took property that was not their own;

b. The property was in the possession of another person;

c. The property was taken from the other person or their immediate presence;

d. The property was taken against that person's will;

e. A perpetrator used force or fear to take the property or to prevent the person from resisting; and

f. When the perpetrator used force or fear, they intended to deprive the owner of the property permanently or to remove the property from the owner's possession for so extended a period of time that the owner would be deprived of a major portion of the value or enjoyment of the property; and

g. The defendant's intent to take the property must have been formed before or during the time they or another perpetrator used force or fear.

5. Defendant's purpose in aiding and abetting, and conspiring to commit the robbery was as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

5. An "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

6. "Racketeering activity" includes any act or threat involving murder which is chargeable under state law and punishable by imprisonment for more than one year; and any offense involving

dealing in a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1).

7.    A "major participant" includes the consideration of all facts and circumstances, such as defendant's role in planning the crime that led to the death; defendant's role in supplying or using lethal weapons; defendant's knowledge of dangers posed by the crime, any weapons used, or past experience or conduct of the other participants; the person's position in facilitating or preventing the death; and what defendant did after lethal force was used.

8.    "Reckless indifference to human life" includes the consideration of all facts and circumstances, such as whether the defendant knew that lethal weapon(s) would be present during the robbery; whether defendant knew that lethal weapon(s) was/were likely to be used; whether defendant knew the number of weapons involved; whether defendant was near the person killed when the killing occurred; whether defendant had an opportunity to stop the killing or to help the victim; how long the crime lasted; whether defendant was aware of anything that would make a coparticipant likely to kill; and whether defendant tried to minimize the possibility of violence.

<u>PENALTIES AND RESTITUTION</u>

9.    Given the Attorney General is not seeking the death penalty as to defendant, defendant understands that the statutory maximum sentence the Court can impose for a violation of Title 18, United States Code, Section 1959(a)(1) is: life imprisonment, a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.  Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 1959(a)(1), is life imprisonment, and a mandatory special assessment of $100.

11.  Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

12.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

13.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and

that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.  Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant

8

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Throughout the period described in the indictment, the Florencia 13 street gang ("F13"), including its leaders, members, and associates, constituted an enterprise, that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected interstate and foreign commerce.

F13 is a multi-generational gang founded in Los Angeles, California in the early 1950s.  The gang began as a small group of individuals who lived in and around the area of Florence Boulevard, in and near Los Angeles, California.  While F13's "territory" has changed over time, it historically has been contained within the approximate area bordered by the 10 freeway to the North, Imperial Highway to the South, the 110 freeway to the West, and the 710 freeway to the East; and it includes at least the unincorporated Florence-Firestone neighborhood (also known as Florence-Graham) and parts of several nearby cities, such as Huntington Park, South Gate, Maywood, Bell, and Lynwood.  F13 is controlled by members and associates of the "Mexican Mafia," or "La Eme."  The Mexican Mafia is an organized group of individuals who control much of the drug distribution and other criminal activities within California State Prisons, local county jails, and some federal prisons.  Members of

the Mexican Mafia come from the ranks of local street gangs, including F13.

F13 members and associates often go on "missions," which includes committing shootings in rival gangs' territories and robberies within F13 territory so that the entire F13 gang has awareness that a specific clique is "putting in work." "Putting in work" maintains the status and reputation of a clique and its members and associates, and F13 as a whole. At times, more senior F13 members order younger, less senior F13 members to go on missions, including robberies. It is not uncommon for the more senior F13 member to follow the younger members and associates to observe the commission of the crimes to ensure they are done. Senior F13 members also teach or groom younger F13 members and associates in the ways of committing crimes of violence, including robbery.

Beginning in at least 2021, defendant was an associate of F13, whose members engaged in, among other things, acts involving murder, assault, robbery, trafficking in narcotics, and possessing dangerous weapons. In furtherance of F13, the charged enterprise, on or about January 10, 2022, within Los Angeles County, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from F13 (an enterprise engaged in racketeering activity), defendant and her fellow perpetrators were driving around looking for someone to rob, when they decided to target victim F.A., who was wearing gold chains around his neck. In carrying out the robbery, defendant caused victim F.A.'s death, in violation of California Penal Code Sections 31, 187, 189, 190, and 211. At the time of F.A.'s murder, defendant aided and abetted other individuals (with whom defendant had also conspired) in the

commission of their robbery of F.A. for his gold chains.  While committing the robbery of F.A., the other individuals killed F.A. When defendant participated in this robbery of F.A., she was a major participant and acted with reckless indifference to life.

<u>SENTENCING FACTORS</u>

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              43              U.S.S.G. § 2A1.1(a)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2  (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4      20.  Defendant understands that by pleading guilty, defendant
5  gives up the following rights:

6          a.   The right to persist in a plea of not guilty.

7          b.   The right to a speedy and public trial by jury.

8          c.   The right to be represented by counsel – and if
9  necessary have the Court appoint counsel - at trial.  Defendant
10 understands, however, that, defendant retains the right to be
11 represented by counsel – and if necessary have the Court appoint
12 counsel – at every other stage of the proceeding.

13         d.   The right to be presumed innocent and to have the
14 burden of proof placed on the government to prove defendant guilty
15 beyond a reasonable doubt.

16         e.   The right to confront and cross-examine witnesses
17 against defendant.

18         f.   The right to testify and to present evidence in
19 opposition to the charges, including the right to compel the
20 attendance of witnesses to testify.

21         g.   The right not to be compelled to testify, and, if
22 defendant chose not to testify or present evidence, to have that
23 choice not be used against defendant.

24         h.   Any and all rights to pursue any affirmative defenses,
25 Fourth Amendment or Fifth Amendment claims, and other pretrial
26 motions that have been filed or could be filed.

27

28

1

### WAIVER OF APPEAL OF CONVICTION

2    21.   Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10  defendant's plea of guilty.

11  ### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF

12  ### COLLATERAL ATTACK

13    22.   Defendant gives up the right to appeal all of the

14  following: (a) the procedures and calculations used to determine and

15  impose any portion of the sentence; (b) the term of imprisonment

16  imposed by the Court; (c) the fine imposed by the Court, provided it

17  is within the statutory maximum; (d) to the extent permitted by law,

18  the constitutionality or legality of defendant's sentence, provided

19  it is within the statutory maximum; (e) the term of probation or

20  supervised release imposed by the Court, provided it is within the

21  statutory maximum; and (f) any of the following conditions of

22  probation or supervised release imposed by the Court: the conditions

23  set forth in Second Amended General Order 20-04 of this Court; the

24  drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

25  3583(d); and the alcohol and drug use conditions authorized by 18

26  U.S.C. § 3563(b)(7).

27    23.   Defendant also gives up any right to bring a post-

28  conviction collateral attack on the conviction or sentence, except a

post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

24.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

25.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

14

BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw her guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the

15

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.  Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney
9

10     /s/ Kathy Yu                              March 24, 2023
     _____            _____
11   JOANNA M. CURTIS                            Date
     CHRISTOPHER C. KENDALL
12   KATHY YU
     Assistant United States Attorneys

13   _____            _____
     HAYLEE MARIE GRISHAM                3/24/23
14   Defendant                                   Date

15   _____            _____
     SHAUN KHOJAYAN                      3/24/23
16   Attorney for Defendant HAYLEE               Date
     MARIE GRISHAM
17

18

19

20

21

22

23

24

25

26

27

28

                           17

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough
3 time to review and consider this agreement, and I have carefully and
4 thoroughly discussed every part of it with my attorney.  I understand
5 the terms of this agreement, and I voluntarily agree to those terms.
6 I have discussed the evidence with my attorney, and my attorney has
7 advised me of my rights, of possible pretrial motions that might be
8 filed, of possible defenses that might be asserted either prior to or
9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10 of relevant Sentencing Guidelines provisions, and of the consequences
11 of entering into this agreement.  No promises, inducements, or
12 representations of any kind have been made to me other than those
13 contained in this agreement or in an agreement signed by all parties
14 or on the record in court.  No one has threatened or forced me in any
15 way to enter into this agreement.  I am satisfied with the
16 representation of my attorney in this matter, and I am pleading
17 guilty because I am guilty of the charge and wish to take advantage
18 of the promises set forth in this agreement, and not for any other
19 reason.

20

21 HAYLEE MARIE GRISHAM                 3/24/23
Defendant                             Date

22

23

24

25

26

27

28

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am HAYLEE MARIE GRISHAM's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of her rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement or in an agreement signed by all parties or on the record

12  in court; no one has threatened or forced my client in any way to

13  enter into this agreement; my client's decision to enter into this

14  agreement is informed and voluntary; and the factual basis set forth

15  in this agreement is sufficient to support my client's entry of a

16  guilty plea pursuant to this agreement.

17

18  SHAUN KHOJAYAN                           Date 3/24/23
    Attorney for Defendant HAYLEE
19  MARIA GRISHAM

20

21

22

23

24

25

26

27

28

19